**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn on January 28, 2021**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** _____ |
| v. | **UNDER SEAL** |
| **JUAN CARLOS MORGAN HUERTA,** also known as "Cacayo," | 21 U.S.C. §§ 959(a), 960, 963 (Conspiracy to Distribute Five Kilograms or More of Cocaine, One Kilogram or More of Heroin, Four Hundred Grams or More of Fentanyl, Five Hundred Grams or More of Methamphetamine, and One Thousand Kilograms or More of Marijuana for Importation into the United States) |
| **Defendant.** | 21 U.S.C. §§ 853 and 970 (Forfeiture) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

Beginning in and around January 2017, and continuing to the date of this Indictment, the exact dates being unknown to the Grand Jury, in the countries of Mexico, the United States and elsewhere, the Defendant, **JUAN CARLOS MORGAN HUERTA, also known as "Cacayo,"** together with others, both known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate and agree to distribute: (A) five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; (B) one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, (C) four hundred (400) grams or more of a mixture

1

or substance containing a detectable amount of fentanyl, N-phenyl-N-[1-2-phenylethyl]-4piperidinyl] propenamide, a Schedule II controlled substance; (D) five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and (E) one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States in violation of Title 21, United States Code, Sections 959(a) and 960; all in violation of Title 21, United States Code, Section 963.

With respect to the Defendant, the controlled substances involved in the conspiracy attributable to the Defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is: (A) five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii); (B) one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 960(b)(1)(A); (C) four hundred (400) grams or more of a mixture or substance containing a detectable amount of fentanyl, N-phenyl-N-[1-2-phenylethyl)-4piperidinyl] propenamide, in violation of Title 21, United States Code, Section 960(b)(1)(F); (D) five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 960(b)(1)(H); and (E) one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 960(b)(1)(G).

> (Conspiracy to Distribute Five Kilograms or More of Cocaine, One Kilogram or More of Heroin, Four Hundred Grams or More of Fentanyl, Five Hundred Grams or More of Methamphetamine, and One Thousand Kilograms or More of Marijuana, Intending, Knowing, and Having Reasonable Cause to Believe That Such Substances Would be Unlawfully Imported into the United States, in violation

of Title 21, United States Code, Sections 959(a), 960 and 963)

## CRIMINAL FORFEITURE ALLEGATION

The United States hereby gives notice to the Defendant that upon conviction of the Title 21 offense alleged in Count One of this Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as the result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit, and to facilitate the commission of such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

(a)　cannot be located upon the exercise of due diligence;

(b)　has been transferred or sold to, or deposited with, a third person;

(c)　has been placed beyond the jurisdiction of the Court;

(d)　has been substantially diminished in value; or

(e)　has been commingled with other property which cannot be subdivided without difficulty;

/

/

/

/

/

/

/

/

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

(Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970.)

A TRUE BILL:

_____
Foreperson

ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

By: _____
KIRK HANDRICH
MICHAEL CHRISTIN
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530